# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| | : | |
| SECURITIES AND EXCHANGE | : | |
| COMMISSION | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civ. No. 02-5490 (GEB) |
| | : | |
| v. | : | |
| | : | |
| ED JOHNSON, | : | **ORDER** |
| | : | |
| Defendant. | : | |

---

This matter having come before the Court upon the remedies phase following a March 8, 2004 jury verdict in favor of plaintiff Securities and Exchange Commission on all of its claims against defendant Ed Johnson; and the Court having reviewed the parties' submissions; and having heard oral argument on July 8, 2004; and for the reasons set forth in the Memorandum Opinion accompanying this order;

IT IS this      27th    day of        August          , 2004;

ORDERED that defendant Ed Johnson is PERMANENTLY RESTRAINED AND ENJOINED from, directly or indirectly, by use of any means or instrument of interstate commerce, or of the mails, or of any facility of any national securities exchange, in the offer or sale of any security: (1) employing any device, scheme or artifice to defraud; (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of

Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; and it is further

ORDERED that defendant Ed Johnson is PERMANENTLY RESTRAINED AND ENJOINED from, directly or indirectly, by use of any means or instrument of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (1) employing any device, scheme or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of circumstances under which they were made, not misleading; or (3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and it is further

ORDERED that pursuant to Section 20(e) of the Securities Act of 1933 [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act of 1934 [15 U.S.C. § 78u(d)(2)], defendant Ed Johnson is PERMANENTLY BARRED from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act of 1934 [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act of 1934 [15 U.S.C. § 78o(d)]; and it is further

ORDERED that defendant Ed Johnson is PERMANENTLY BARRED from participating in any offering of penny stock; and it is further

ORDERED that defendant Ed Johnson shall pay: (1) disgorgement in the amount of $42,262, plus (2) prejudgment interest to be calculated by the SEC and submitted to this Court within seven (7) days of the entry of this Memorandum Opinion and Order, plus (3) postjudgment interest at the rate prescribed by 28 U.S.C. § 1961(a).  Defendant Ed Johnson shall

pay the above amounts of disgorgement and prejudgment interest on or before thirty (30) days following the date of entry of this Order; and it is further

ORDERED that defendant Ed Johnson shall pay a civil insider trading penalty in the amount of $42,262 pursuant to Section 21A of the Exchange Act of 1934 [15 U.S.C. § 78u-1], plus postjudgment interest at the rate prescribed by 28 U.S.C. § 1961(a). Defendant Ed Johnson shall pay this civil penalty on or before thirty (30) days following the date of entry of this Order; and it is further

ORDERED that defendant Ed Johnson shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act of 1934 [15 U.S.C. § 78u(d)(3), plus postjudgment interest at the rate prescribed by 28 U.S.C. § 1961(a). Defendant Ed Johnson shall pay this civil penalty on or before thirty (30) days following the date of entry of this Order; and it is further

ORDERED that the Court will retain jurisdiction over this action for all purposes, including enforcement of the terms of this Order; and it is further

ORDERED that Clerk shall mark this case CLOSED.


S/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.